IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIRIAM VAZQUEZ, | ) | CASE NO. 1:13 CV 2219 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

# Introduction

**A.  Nature of the case and proceedings**

Before me[1] is an action by Miriam Vazquez under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have

---

[1] ECF # 14. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 10.

[4] ECF # 11.

[5] ECF # 5.

[6] ECF # 12.

briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] After review of the briefs, the issues presented, and the record, it was determined that this case can be decided without oral argument and, therefore, the telephonic oral argument scheduled for September 10, 2014,[10] was canceled.[11]

**B.      Background facts and decision of the Administrative Law Judge ("ALJ")**

Vazquez, who was 46 years old at the time of the hearing[12] and was born in Puerto Rico,[13] dropped out of school in the seventh grade, and did not receive a GED.[14] She is married and lives with her husband, who does most of the household tasks.[15] She worked for a few months at a "cotton factory"[16] and sporadically over two months at a restaurant

---

[7] ECF # 17 (Vazquez's brief); ECF # 18 (Commissioner's brief).

[8] ECF # 17-1 at 3-22 (Vazquez's charts); ECF # 18-1 (Commissioner's charts).

[9] ECF # 17-1 at 1-2 (Vazquez's fact sheet).

[10] ECF # 19.

[11] ECF # 20.

[12] Transcript ("Tr.") at 40-41.

[13] *Id.* at 29.

[14] *Id.*

[15] *Id.*

[16] *Id.*

owned by a member of her husband's family,[17] but the ALJ found she had no relevant past work.[18] She is not fluent in English.[19]

The ALJ, whose decision became the final decision of the Commissioner, found that Vazquez had the following severe impairments: degenerative joint disease of the left knee and a depressive disorder.[20]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Vazquez's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she is limited to simple, routine, repetitive tasks that do not require reading or writing in English.[21]

As noted, Vazquez has no past relevant work.[22]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ

---

[17] *Id.* at 33.

[18] *Id.* at 40. The ALJ here appears to refer to past work as a cook in a pizzeria (*see*, Tr. at 209) which may be the work previously referred to in a family restaurant.

[19] *Id.*

[20] *Id.* at 26.

[21] *Id.* at 35.

[22] *Id.* at 39-40.

determined that a significant number of jobs existed locally and nationally that Vazquez could perform.[23] The ALJ, therefore, found Vazquez not under a disability.[24]

**C.     Issues on judicial review and decision**

Vazquez asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Vazquez's challenge presents three issues for decision:

- The ALJ found that Vazquez did not have migraines as a severe impairment. Did the ALJ properly evaluate Vazquez's migraines in making the RFC finding?

- The ALJ did not reference or analyze the residual functional capacity opinion of Lynne Torello, M.D., a state agency reviewing physician. Does this omission constitute reversible error?

- Did the ALJ properly consider Vazquez's limitations in reading and writing English in the step four RFC finding and the step five significant number of existing jobs finding?

For the reasons that follow, I will conclude that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, must be remanded for further proceedings consistent with this opinion.

---

[23] *Id.* at 40-41.

[24] *Id.* at 41.

## Analysis

**A.    Standards of review**

*1.    Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[25]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[25] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[26] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[27]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

### 2.    *Acceptable medical sources and the proper consideration of their opinions*

Under the applicable regulations a claimant must establish an impairment by evidence from an acceptable medical source.[28] Acceptable medical sources include licensed physicians.[29] The regulations classify acceptable medical sources as treating, examining, and nonexamining.[30] State agency medical consultants are considered nonexamining sources under the regulations.[31]

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[32] recently emphasized that the proper approach for analyzing the opinions of non-treating and nonexamining medical sources such as state agency medical consultants:

---

[26] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[27] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[28] 20 C.F.R. § 416.913(a).

[29] 20 C.F.R. § 416.913(a)(1).

[30] 20 C.F.R. § 416.927.

[31] 20 C.F.R. § 416.927(e).

[32] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).

-6-

> [O]pinions from non-treating and nonexamining sources are never assessed for "controlling weight." The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling. 20 C.F.R. § 404.1527(c). Other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion. *Id.* § 404.1527(c)(6).[33]

This analysis becomes critical where, as here, the record does not contain the opinion of a treating source.

**B.      Application of standards**

I note initially that in discussing Vazquez's severe impairments at step two, the ALJ noted her complaints of and treatment for migraine headaches.[34] The ALJ specifically noted that the migraines were well controlled with medication when Vazquez remained compliant, that her migraines occurred only infrequently, and that the migraine pain was mild.[35] Thus, the ALJ made the specific finding that the migraine headaches caused no more than minimal limitations in functioning and were non-severe.[36]

On that basis, the ALJ, therefore, adopted an RFC for light work limited to simple, routine, repetitive tasks that do not require reading or writing in English.[37] The ALJ's

---

[33] *Id.* at 376.

[34] Tr. at 28-29, 30, 32.

[35] *Id.* at 33.

[36] *Id.*

[37] *Id.* at 35.

articulation in support of this finding concentrates primarily upon Vazquez's degenerative joint disease and depression.[38]

The ALJ also made a specific finding that Vazquez could not communicate in English and is thus considered in the same way as an individual who is illiterate in English.[39]

Accordingly, this is basically a challenge to the RFC finding and derivatively to the finding at step five on the ground that the hypothetical to the VE, which incorporated the ultimate RFC finding, did not contain sufficient limitations.

As discussed above, the RFC finding limits Vazquez to light work, without postural or environmental limitations, but with mental limitations to simple, routine, repetitive tasks that do not require reading or writing in English.[40] Vazquez challenges this finding for not incorporating enough limitations. First, she asserts that the finding does not take into account limitations caused by her migraine headaches. Under *Maziarz v. Secretary of Health and Human Services*,[41] the failure to include a particular impairment in the step two finding does not constitute reversible error if the ALJ considers any limitations from that finding at step four. Here, the Commissioner argues that the ALJ thoroughly considered the evidence of record on migraines and properly concluded that migraines did not constitute a severe impairment. As detailed above, the ALJ extensively discusses migraines in his articulation

---

[38] *Id.* at 35-39.

[39] *Id.* at 40.

[40] *Id.* at 35.

[41] *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240 (6th Cir. 1987).

under step two. Substantial evidence, in the form of the finding that the migraines are well controlled by medication, therefore, supports the ALJ's decision not to find migraines as a substantial impairment.

The real issue centers on the ALJ's failure to acknowledge the opinion of Lynne Torello, M.D., the state agency reviewing physician. Dr. Torello opines that Vazquez can occasionally lift and carry 20 pounds and frequently carry 10 pounds,[42] which reads on the definition of light work in the regulations.[43] That definition, however, provides that a light job requires a good deal of walking or standing. Dr. Torello limited Vazquez to standing or walking two hours in an eight-hour workday, with sitting about six hours in an eight-hour workday.[44] The ALJ did not adopt these limitations. Further, Dr. Torello opined that Vazquez had certain postural limitations because of her severe impairment of her left knee and spondylolisthesis at L5/S1.[45] The ALJ also did not adopt these limitations. Finally, Dr. Torello opined that Vazquez had environmental limitations caused by her knee pain and migraines.[46] The ALJ did not adopt these limitations either.

As Vazquez correctly notes, the ALJ did not acknowledge Dr. Torello's opinion or make any determination of the weight that should be assigned to it.

---

[42] Tr. at 113.

[43] 20 C.F.R. § 416.967(b).

[44] Tr. at 113.

[45] *Id.* at 114.

[46] *Id.* at 114-15.

The Sixth Circuit's decision in *Gayheart* discusses at length the regulatory standards for weighing medical opinions.[47] This discussion certainly encompasses the situation, as here, that the record contains no opinion of a treating physician and states that the opinions of a non-examining source should be analyzed and assigned weight.[48]

Having reviewed Dr. Torello's opinion,[49] it appears that her two-hour limitation on standing and walking is appropriate given Vazquez's knee impairment. Further, the knee impairment, in conjunction with her migraines, also seem to support the environmental limitations opined.

The ALJ did not, however, place any durational limitations on standing or walking and did not adopt any postural or environmental limitations. The hypothetical posed to the vocational expert also had no durational limitations on standing or walking, postural limitations, or environmental limitations.[50] As such, the ALJ did not comply with the applicable rubric in dealing with Dr. Torello's opinion, and so the matter must be remanded.

In that regard, I note further that the ALJ did pose an alternative hypothetical to the VE regarding sedentary work.[51] In response the VE identified jobs at the sedentary level.[52]

---

[47] *Gayheart*, 710 F.3d at 375, 376.

[48] *Id.* at 376.

[49] Tr. at 113-15.

[50] *Id.* at 73-76.

[51] *Id.* at 75-76.

[52] *Id.*

It appears that the ALJ avoided a finding of sedentary because, under Appendix 2, Vazquez is illiterate or unable to communicate in English and so would have gridded out under Rule 2.01.17. This does call into question whether the VE, if confronted with a hypothetical including durational limitations on standing or walking, postural limitations, and environmental limitations would have opined that a substantial number of jobs existed that would take Vazquez out from under Rule 2.01.17.

Accordingly, for all the reasons stated, I find that substantial evidence does not support the decision of the Commissioner here, and that the matter must be remanded.

## Conclusion

For the reasons stated, substantial evidence does not support the finding of the Commissioner that Vazquez had no disability. Therefore, the denial of Vazquez's application is reversed and the matter remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.


Dated: September 30, 2014                     s/ William H. Baughman, Jr.
                                              United States Magistrate Judge